UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TRACY JOYNER** | **CIVIL ACTION NO. 11-361-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DR. FULLER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Tracy Joyner ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 2, 2011. Plaintiff is currently incarcerated at the Rayburn Correctional Center in Angie, Louisiana. He claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Dr. Fuller, Dr. Hearn, Jerry Goodwin, Angie Huff, Paula Muliwee, Debbie Scriber, and E.A. Conway-LSU as defendants.

Plaintiff claims the medical staff at EA Conway, LSU Medical Center, and David Wade Correctional Center delayed treatment and an operation since 2003 and for several months straight for his bleeding ulcers. He claims he had abdominal distress caused by gastro-esophageal bleeding through his stool and an ulcer. He claims he was diagnosed for

several months with bleeding ulcers. He claims he was treated with ineffective drugs for his pain and bleeding. He claims his surgery has been postponed because he is on a waiting list. He claims the delay in treatment has caused pain, abdominal distress, internal bleeding, and blood in his stool and urine.

Plaintiff claims he wrote Deputy Warden Angie Huff and spoke with Jerry Goodwin on March 2, 2010 about his condition. He claims neither did anything.

Plaintiff claims he was denied medical treatment on October 24, 2010, October 25, 2010, December 1, 2010, December 24, 2010, December 27, 2010, March 2, 2011, June 23, 2011, August 31, 2011, and February 27, 2012. He claims he was denied medical care because each defendant believed his current diagnosis was correct and declined to do anything additional to improve his condition. Plaintiff claims he should have been treated surgically. He admits he was on medication for his condition but claims the medication was ineffective at relieving pain and stopping active bleeding.

Plaintiff claims he received inadequate medical treatment on December 10, 2010, December 15, 2010, December 19, 2010, April 18, 2011, February 23, 2012, June 28, 2012, July 30, 2012, July 31, 2012, August 15, 2012, October 2, 2012, October 12, 2012, and October 15, 2012. Plaintiff admits he was on the following medications for his condition: Norvasc, Miralax, Vasotec, Surfak, Catapres, Carafate, Prilosec, Bentyl, Colazal, Doxepin, Metamucil, Dibucaine ointment, Hydrocortisone Acetate suppositories, and Polyethylene Glycol. Plaintiff also admits that he was prescribed medication for his mental health including Prozac, Haldol, and Cogentin. Plaintiff believes he should have been treated with

surgery or other treatments instead of medications. Plaintiff also believes he should have been given different medications for pain and sleeplessness.

Plaintiff admits that on March 5, 2010, he received referrals to the surgical clinic. He admits that on April 1, 2010, he was ordered a high fiber diet. He claims that on April 26, 2010 he had a colonoscopy and a biopsy. He admits that on May 7, 2010, he has an upper GI test. He claims that on June 16, 2010 and July 14, 2010, he has an upper GI series. He claims that on July 21, 2010, he had a GI series and a barium enema. Plaintiff admits that on September 22, 2010, the surgical team performed a repeat biopsy. He admits that on May 31, 2012, he had a right upper quadrant ultrasound and lab work. He admits that on June 19, 2012, he had an EGD.

Plaintiff admits that on February 19, 2010, he was seen by Dr. Fuller and referred for a colonoscopy on April 26, 2010. He further admits he had a follow up appointment on May 7, 2010 to receive his results. He admits that on July 21, 2010, he was ordered stool softeners and on July 28, 2010 he received a barium enema. He admits that he also received treatment on December 22, 2010, January 25, 2010, February 1, 2010, February 8, 2010, June 16, 2010, July 14, 2010, August 25, 2010, September 8, 2010, September 15, 2010, September 22, 2010, December 15, 2010, April 12, 2011, May 7, 2011, May 11, 2011, June 9, 2011, June 22, 2011, June 25, 2011, July 27, 2011, December 9, 2011, February 22, 2012, and June 19, 2012.

Plaintiff claims he currently has rectal bleeding, an ulcer, high blood pressure, Crohn's disease, and internal hemorrhoids. As relief, Plaintiff seeks monetary

compensation, adequate treatment, a transfer, and protection from retaliation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for

Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen by medical personnel on December 10, 2010, December 15, 2010, December 19, 2010, April 18, 2011, February 23, 2012, June 28, 2012, July 30, 2012, July 31, 2012, August 15, 2012, October 2, 2012, October 12, 2012, and October 15, 2012 even though he believes his treatment on these dates was inadequate. Plaintiff admits he was on the following medications for his condition: Norvasc, Miralax, Vasotec, Surfak, Catapres, Carafate, Prilosec, Bentyl, Colazal, Doxepin, Metamucil, Dibucaine ointment, Hydrocortisone Acetate suppositories, and Polyethylene Glycol. Plaintiff also admits that he was prescribed medication for his mental health including Prozac, Haldol, and Cogentin. However, he claims he should have been treated surgically for his conditions and different medications should have been prescribed for pain and sleeplessness. Plaintiff admits that on March 5, 2010, he received referrals to the surgical clinic. He admits that on April 1,

2010, he was ordered a high fiber diet. He claims that on April 26, 2010 he had a colonoscopy and a biopsy. He admits that on May 7, 2010, he has an upper GI test. He claims that on June 16, 2010 and July 14, 2010, he has an upper GI series. He claims that on July 21, 2010, he had a GI series and a barium enema. Plaintiff admits that on September 22, 2010, the surgical team performed a repeat biopsy. He admits that on May 31, 2012, he had a right upper quadrant ultrasound and lab work. He admits that on June 19, 2012, he had an EGD.

Plaintiff admits that on February 19, 2010, he was seen by Dr. Fuller and referred for a colonoscopy on April 26, 2010. He further admits he had a follow up appointment on May 7, 2010 to receive his results. He admits that on July 21, 2010, he was ordered stool softeners and on July 28, 2010 he received a barium enema. He admits that he also received treatment on December 22, 2010, January 25, 2010, February 1, 2010, February 8, 2010, June 16, 2010, July 14, 2010, August 25, 2010, September 8, 2010, September 15, 2010, September 22, 2010, December 15, 2010, April 12, 2011, May 7, 2011, May 11, 2011, June 9, 2011, June 22, 2011, June 25, 2011, July 27, 2011, December 9, 2011, February 22, 2012, and June 19, 2012.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of June 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE